IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| SHAMEL JONES, | ) Civil Action No.  2:23-CV-01780-CBB |
| | ) |
| Plaintiff, | ) |
| | ) United States Magistrate Judge |
| vs. | ) Christopher B. Brown |
| | ) |
| JOHN WETZEL, GEORGE LITTLE, TAD BICKEL, SECRETARY OF D.O.C.; FACILITY MANAGER MICHAEL ZAKEN, DEPUTY SUP. BUZAS, DSCS DELASANDRO, MAJOR OF THE UNIT MANAGEMENT; MAJOR MALANOSKI, COULERHAND, "MCU" UNIT MANAGER; CHAPLAIN SIBANDA, INDIVIDUAL AND OFFICIAL CAPACITIES; HURD, "MCU" COUNSELOR; AND CCPM CARLA SWARTZ, | ) |
| Defendants, | ) |

**MEMORANDUM OPINION[1] STAYING CASE**

I. **Introduction**

Plaintiff Shamel Jones, currently incarcerated at SCI-Greene, brings this case alleging he was placed in SCI-Greene's Management Control Unit ("MCU") when he should be housed in SCI-Greene's general population. ECF No. 12. Jones

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

is proceeding pro se and *in forma pauperis*.  ECF No. 9.  Defendants filed a Motion to Dismiss and it has been fully briefed.  *See* ECF Nos. 29-30, 33.[2]

In lieu of ruling on the Motion to Dismiss, the Court will stay the matter pending resolution of a near-identical case filed by Plaintiff in the United States District Court for the Eastern District of Pennsylvania.

In the instant matter, both Parties have separately apprised this Court of Jones' nearly identical civil action pending in the Eastern District of Pennsylvania at 22-CV-1190 ("EDPA Case").[3]  Jones' Complaint notes he was placed in SCI-Greene's MCU in retaliation for filing the EDPA Case.  ECF No. 12 at 8, 11.  Defendants then drew the Court's attention to the similarities between this action and the EDPA Case in their Motion to Dismiss.[4]  ECF No. 29 at ¶ 3; ECF No. 30 at 4-6.  In his Opposition to Defendants' Motion to Dismiss, Jones noted that his EDPA case was ongoing.  ECF No. 33 at 3.  As of the date of this Opinion, the EDPA Case remains in discovery.  *See, e.g.*, EDPA Case at ECF No. 140.

After a close review of both cases – this civil action as well as Jones' EDPA Case – it is clear the facts are identical and many claims and Defendants are the

---

[2]     This action was transferred to the undersigned on October 17, 2024 pursuant to Administrative Order 2024-12.  Prior to transfer, the Honorable Chief United States Magistrate Judge Richard A. Lanzillo converted this Motion to Dismiss into a Motion for Summary Judgment. *See* ECF No. 31.

[3]     The Court takes judicial notice of the EDPA Case at 22-CV-1190.  *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009).

[4]     Defendants raise the EDPA Case in the context of collateral estoppel rather than the first-filed rule.  ECF No. 30 at 2.

same. Thus, and for the reasons below, the Court will *sua sponte* stay this case under the first-filed rule pending resolution of the earlier-filed EDPA Case.

## II. Factual Background

The crux of Jones' claims is the same in this case and the EDPA Case: that he is being unlawfully housed in SCI-Greene's MCU when he should be in general population instead.

In both cases, Jones alleges he completed the Required Restricted Release Step Down program at SCI-Phoenix, which entitled him to be released from restricted housing and into general population. ECF No. 12 at 8; Jones' Second Amended Complaint at ECF No. 111 in 22-CV-1190 ("EDPA SAC") at 5, 7. Jones was then transferred from SCI-Phoenix to SCI-Greene in March 2023 where he should have been placed in general population. ECF No. 12 at 8; EDPA SAC at 7. Instead, he was placed in SCI-Greene's MCU. *Id.* He alleges he was placed in the MCU in retaliation because he filed the EDPA Case. ECF No. 12 at 8; EDPA SAC at 7.[5]

Jones alleges the MCU is a "very restricted housing unit" previously used as death row at SCI-Greene. ECF No. 12 at 9; EDPA SAC at 7. In both cases, he alleges he received only a cursory review of his MCU placement and was told he would stay in the MCU "for his own good" and despite his completion of the Step-Down program. ECF No. 12 at 9; EDPA SAC at 7. Jones says he appealed his MCU placement but is still being housed there. ECF No. 12 at 9; EDPA SAC at 7.

---

[5] To be clear, in Jones' operative Second Amended Complaint in the EDPA Case, he is alleging he is being retaliated against for filing *that same* EDPA Case. EDPA SAC at 6-7.

3

The causes of action in both cases arise out of his placement in the MCU and how his privileges in the MCU differ from those available to inmates in general population. In both cases, he is bringing the following identical claims:

- First Amendment Retaliation claims alleging Defendants retaliated against him by transferring him into and housing him in the MCU at SCI-Greene (ECF No. 12 at 8, 54; EDPA SAC at 35-36);

- Fourteenth Amendment Due Process claims alleging Defendants violated his due process rights by housing him in the MCU without the right to be heard or appeal the decision (ECF No. 12 at 57; EDPA SAC at 14-15);

- Fourteenth Amendment Equal Protection claims alleging Defendants are denying him the equal privileges of others who have completed the Step-Down program and are housed in general population (ECF No. 12 at 23-25, 56; EDPA SAC at 13-14, 39);

- Eighth Amendment Deliberate Indifference claims alleging Defendants are isolating him in the MCU (ECF No. 12 at 58; EDPA SAC at 17-19);

- Eighth Amendment Conditions of Confinement claims alleging Defendants are depriving him of the housing conditions he should be entitled to in general population by housing him in the MCU (ECF No. 12 at 59; EDPA SAC at 17-19);

- "Perpetual Confinement in Management Control Unit" claim alleging Defendants are perpetually confining him to the MCU when he should have been transferred to SCI-Greene's general population (ECF No. 12 at 45-47; EDPA SAC at 27-28).

Likewise, in both cases there are two identical defendants, Wetzel and Little. *See generally*, ECF No. 12; EDPA SAC.

In the instant case, he brings one claim that he does not bring in EDPA, namely a First Amendment Free Exercise claim in which alleges his MCU

placement violates his ability to practice his religion. ECF No. 12 at 55-56.[6] In the instant case, he also names Defendants not named in EDPA – specifically, Defendants Bickel, Zaken, Buzas, Delasandro, Malanoski, Coulerhand, Sibanda, Hurd, and Schwartz under the above causes of action. *See generally*, ECF No. 12.

### III. Legal Standard – First-Filed Rule

The trial court has the discretion to determine where to stay or transfer a case under the "first-filed" rule. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220 (3d Cir. 2016). Courts have broad discretion to manage cases to avoid wasteful and duplicative litigation. *See, e.g.*, *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976).

The first-filed rule "is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez*, 836 F.3d at 210. Courts will "usually" apply the rule as the "norm, not the exception." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 979 (3d Cir. 1988), *aff'd,* 493 U.S. 182 (1990). Courts are "not required to apply the rule rigidly; rather, [courts have] the discretion to consider the specific circumstances of the case." *Sinclair Cattle Co. v. Ward*, 80 F. Supp. 3d 553, 558 (M.D. Pa. 2015) (citing *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013)). *See also Univ. of Pennsylvania,* 850 F.2d at 977 ("The letter and spirit of the first-filed rule . . . are grounded on equitable principles").

---

[6] In his EDPA Case, Jones also brings claims related to personal property he lost in the transfer from SCI-Phoenix to SCI-Greene. EDPA SAC at 10, 22. He does not bring these claims in this action.

There are exceptions to the rule: "(1) rare or extraordinary circumstances; (2) inequitable conduct; (3) bad faith; (4) forum shopping; (5) where the later-filed action has developed further than the first-filed action; and (6) when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Zero Techs., LLC v. Clorox Co.*, 713 F. Supp. 3d 40, 63–64 (E.D. Pa. 2024) (citing *Univ. of Pennsylvania*, 850 F.2d at 976). In determining whether an exception applies, "due consideration to the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule." *Koresko v. Nationwide Life Ins. Co.*, 403 F.Supp. 2d 394, 400 (E.D.Pa. 2005).

## IV. Discussion

### a. First-Filed Rule

There is no dispute the EDPA Case was filed first. Jones filed it on March 10, 2022 and filed this action on October 16, 2023. ECF No. 1; EDPA Case at ECF No. 1.[7] There is also no dispute the EDPA Case has progressed further than this one and that it is in discovery. *See, e.g.*, EDPA Case at ECF No. 140. *See also Chavez*, 836 F.3d at 221 ("A plaintiff who sues in two jurisdictions simultaneously may be required to litigate in the first forum once the court there has expended substantial judicial resources").

The threshold question is whether the two are "sufficiently similar to permit the application of the first-filed rule." *Sinclair Cattle*, 80 F. Supp. 3d at 559. Courts

---

7     The EDPA complaint was originally filed in the Middle District of Pennsylvania at 1:22-cv-00358 and transferred to the Eastern District of Pennsylvania on March 30, 2022, at 22-cv-1190. *See* EDPA Case at ECF No. 1.

6

within the Third Circuit have adopted either a narrow or flexible approach to determine sufficient similarity. Under the narrow approach, courts apply the rule where "earlier- and later-filed actions involved the same parties and arose out of the same transaction, agreement, or encounter." *Se. Power Grp., Inc. v. SAP Am., Inc.*, No. 2:20-CV-00398-JMG, 2020 WL 4805352, at *2 (E.D. Pa. Aug. 18, 2020) (citing *Landau v. Viridian Energy PA*, 274 F. Supp. 3d 329, 333 (E.D. Pa. 2017)).

Under the flexible approach, courts look to whether there is a "substantial overlap of the subject matter" between the cases or the "same nucleus of operative fact." *Millhouse v. Smith*, No. 1:15-CV-1644, 2016 WL 3450840, at *4 (M.D. Pa. May 10, 2016), *report and recommendation adopted sub nom. Milhouse v. Smith*, No. 1:15-CV-1644, 2016 WL 3457168 (M.D. Pa. June 20, 2016). Cases do not need to have "identical parties and identical issues." *Id.* The first-filed rule applies to cases that are "substantially similar," and is "not limited to mirror image cases where the parties and the issues perfectly align." *Panitch v. Quaker Oats Co.,* No. CV 16-4586, 2017 WL 1333285, at *2 (E.D. Pa. Apr. 5, 2017). *See also Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.,* No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) ("[T]he principles underlying the [first-filed] rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one"). Courts should take a flexible approach when considering the similarities between the cases because "[i]f application of the first-filed rule required complete identity of issues and parties, then [parties] in the first-filed action may be incentivized to forum shop and

7

commence similar but nonidentical actions in other venues." *Sinclair,* 80 F. Supp. 3d at 559 (citing *Villari,* 2009 WL 1845236, at *6).

The Court adopts the flexible approach here – the facts are "mirror images" and the claims and Defendants are nearly identical across the two cases – and so finds the first-filed rule applies to avoid duplicate litigation. *See Colorado River Water,* 424 U.S. at 817 (principal reason for the first-filed rule is "the avoidance of duplicative litigation"). The crux of Jones' claims – that he is being unlawfully housed in SCI-Greene's MCU when he should be in general population – is the same in both cases. *See* Section II, *supra.* Additionally, the causes of action in both cases arise out of his MCU placement and how he receives fewer privileges than inmates in general population. *Id.* Jones' Free Exercise claim, while unique to this action, does not negate the first-filed rule because it arises from the same nucleus of operative facts – that he receives fewer privileges in MCU, including those related to his religion. *See also Panitch*, 2017 WL 1333285, at *4 ("The additional claims in this action do not render the first-filed rule inapplicable").

Similarly, Jones' addition of new Defendants in this action does not preclude the application of the first-filed rule. *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (affirming application of first-filed rule where a party and claims differed between two otherwise substantially similar cases); *Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*, No. 2:19-CV-00307, 2020 WL 1808270, at *13 (W.D. Pa. Apr. 9, 2020) (applying first-filed rule where subject-matter overlapped, but parties and claims differed). *See also Catanese v. Unilever*, 774 F. Supp. 2d 684, 689

8

(D.N.J. 2011) ("[O]verlapping subject matter is the key" to the first-filed rule). Notably, even though there are additional Defendants in this action, Jones' claims arise from the same facts and under the same causes of action in both cases. *See* Section II, *supra*. Jones is not bringing new claims against these Defendants. *Id.* Since there is such a substantial overlap between the cases, the Court finds the first-filed rule must apply to facilitate the "orderly administration of justice." *See Koresko*, 503 F. Supp. 2d at 400.

Finally, there is no evidence the exceptions to the first-filed rule apply here. There are no "rare or extraordinary circumstances," nor is there inequitable conduct, bad faith, or forum-shopping. *Zero Techs.,* 713 F. Supp. 3d at 63.

### b. The Action will be Stayed

A court applying the first-filed rule must either stay or transfer the case to the district where it was first filed. *Chavez*, 836 F.3d at 220 ("[A] court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit"). The Court will stay the case pending resolution of the EDPA Case.

The decision whether to stay litigation is "left to the district court . . . as a matter of its discretion to control its docket." *Mendez v. Puerto Rican Intern. Cos., Inc.*, 553 F.3d 709, 712 (3d Cir. 2009). *See also Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "The Court may exercise this inherent authority *sua sponte*." *Trump for President, Inc. v. Boockvar,* 481 F. Supp. 3d 476, 502 (W.D. Pa. 2020).

Jones is currently incarcerated at SCI-Greene, and many Defendants work at SCI-Greene. The Court finds that since SCI-Greene is in the Western District of Pennsylvania, it is appropriate to keep the case in this District and stay it pending resolution of the EDPA matter. *IQVIA Inc. v. Veeva Sys., Inc.*, No. CV 19-15517 (CCC), 2020 WL 4915670, at *3 (D.N.J. Aug. 21, 2020) (staying the second-filed cases under the first-filed rule because they were "different slices [that came] from the same pie"); *Landau*, 274 F. Supp. 3d at 339 (finding equitable principles warrant a case be stayed under the first-filed rule). Once the EDPA Case is resolved, the stay can be lifted here, and this action can proceed to its end.[8]

## V.     Conclusion

As the present action is nearly identical to Jones' action in the EDPA, the Court will apply the first-filed rule and STAY the case, as set forth in the accompanying Order.

DATED this 24th day of March, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

---

[8]     The Court acknowledges Defendants' argument that Jones' claims are barred by preclusion doctrines. ECF No. 30 at 2. Defendants' argument may have merit after the EDPA Case proceeds to a final judgment on the merits. *Glunk*, 689 F. App'x at 139 (applying doctrine of res judicata to later-filed action after first-filed action was resolved on the merits). However, the Court makes no determination on that issue and the Defendants may raise it at the appropriate juncture.

CC SHAMEL JONES
EZ-2128
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370

All counsel of record, *via ECF*